IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARLIE ANN COLLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE OKLAHOMA BAPTIST UNIVERSITY,<br><br>Defendant. | Case No.: CIV-24-234-G<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant, The Oklahoma Baptist University, notifies this Court and the parties of the removal of the above-captioned case, now pending as Case No. CJ-24-33 in the District Court in and for Pottawatomie County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446 and LCvR 81.2. Removal is proper because this Court has jurisdiction under the Class Action Fairness Act ("CAFA").

### STATEMENT OF THE CASE

1. Plaintiff commenced this action against Oklahoma Baptist by filing a Petition in the Pottawatomie County District Court on January 25, 2024, Case No. CJ-24-33. A copy of that Petition is attached as Exhibit 2.

1

2. On or about February 6, 2024, Oklahoma Baptist was served with Summons and the Petition.

3. In accordance with the requirements of 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all processes and pleadings filed by or served upon Oklahoma Baptist in Pottawatomie County Case No. CJ-24-33 are attached to this Notice of Removal as Exhibit 2 (Petition), Exhibit 3 (Entry of Appearance of Jessica Wilkes), Exhibit 4 (Entry of Appearance of Bill Federman), Exhibit 5 (Affidavit of Service), Exhibit 6 (Entry of Appearance of Austin Jackson), Exhibit 7 (Entry of Appearance of Colin Tucker), Exhibit 8 (Entry of Melinda Matlock), and Exhibit 9 (Motion to Dismiss and Brief in Support – filed as one pleading).

4. A copy of the docket sheet of the Pottawatomie County case as of March 5, 2024, is attached as Exhibit 1.

5. There is one pending motion in the Pottawatomie County Case. It is a motion to dismiss and brief in support filed by Oklahoma Baptist on February 26, 2024 (Exhibit 9). This motion and brief were filed with the District Court in and for Pottawatomie County and, as such, was not prepared in conformity with the Federal Rules of Civil Procedure or to the Local Civil Rules of this District (*see* LCvR 81.2(b)).

## GROUNDS FOR REMOVAL

6. In her Petition, Plaintiff alleges that her action arises out of a data breach in that personally identifying information was allegedly accessed by

cybercriminals and "that 11,884 individuals were impacted by the Data Breach." Exhibit 2 at ¶ 100.

7.  The Petition asserts causes of action for (1) negligence; (2) negligence per se; (3) breach of fiduciary duty (4) breach of implied contract; and (5) invasion of privacy; (6) breach of confidence; and (7) declaratory and injunctive relief.

8.  According to the Petition, Plaintiff Karlie Ann Collins is a citizen of the State of Oklahoma. *Id.* at ¶ 13.

9.  Oklahoma Baptist is a not-for-profit corporation organized under the laws of the State of Oklahoma, with its principal place of business in Oklahoma. *Id.* at ¶ 14.

### REMOVAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT

10.  Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and (1) a member of the class of plaintiffs is a citizen of a state different from Oklahoma Baptist ("minimum diversity"); (2) the proposed class members number 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); *Dutcher v. Matheson,* 840 F.3d 1183, 1190 (10th Cir. 2016).

11.  The removing defendant has the burden of establishing the requirements of CAFA jurisdiction, although it only needs to provide a "short and

plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).

12. First, Plaintiff seeks to certify a class of over 11,000 individuals impacted by the data breach. Exhibit 2, ¶ 100. Thus, the threshold of proposed class members of 100 or more, as required by CAFA, is met.

13. Second, Plaintiff is a citizen of Oklahoma, as is Oklahoma Baptist. However, Plaintiff's putative class is nationwide, not restricted to residents of Oklahoma. *Id.* at ¶¶ 96-98; *see also* Exhibit 10 (declaration of putative class member Rebekah Phillips). Accordingly, minimal diversity exists because members "of a class of plaintiffs [are] citizen[s] of a State different from" Oklahoma Baptist. See 28 U.S.C. § 1332(d)(2). Indeed, the putative nationwide class of individuals allegedly affected by the data breach reside across the country, and Oklahoma Baptist asserts that fewer than two-thirds of the nationwide class reside in Oklahoma.

14. Third, Plaintiff seeks damages in the form of: declaratory and other equitable relief; injunctive relief; actual, nominal, punitive, and consequential damages; and attorneys' fees and costs on behalf of the class, which, for the purposes of this Notice, is stated in the Petition to constitute 11,334 individuals impacted by the data breach. Plaintiff also seeks injunctive relief, which could require Oklahoma Baptist to take numerous and costly measures related to the protection of the putative class members' personal information.

15. Accordingly, for the purposes of the Notice, Oklahoma Baptist attests that the amount in controversy for the putative class of 11,334 individuals exceeds $5 million in the aggregate, exclusive of interests and costs.

## NOTICE & VENUE

16. This Notice is timely as it is filed within thirty (30) days after having been served with process by Plaintiff, pursuant to 28 U.S.C. § 1446(b).

17. Venue is proper in this Court as it embraces Pottawatomie County, Oklahoma, wherein this action is currently pending. *See* 28 U.S.C. § 1443.

## PRESERVATION OF RIGHTS

18. Defendant Oklahoma Baptist demands a trial by jury.

19. By removing this action to this Court, Defendant does not waive any rights, defenses, arguments, motions, or objections available to it under state or federal law. Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

20. Should removal of this cause to this Court be disputed, Defendant requests the opportunity to conduct discovery, brief the disputed issues, and present oral arguments in support of its position that this civil action is properly removable to this Court. *See McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008).

**WHEREFORE,** Defendant The Oklahoma Baptist University requests this Court assume jurisdiction of this case and proceed with it to completion and to enter such orders and judgments as necessary to protect its jurisdiction or as justice requires.

Respectfully submitted,

**RHODES, HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C**

By:    */s/ Colin H. Tucker*
Colin H. Tucker, OBA 16325
chtucker@rhodesokla.com
Emma C. Kincade, OBA 34698
ekincade@rhodesokla.com
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; fax: (918) 592-3390
*Attorney for Third-Party Defendant,
The Oklahoma Baptist University*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, I electronically transmitted the forgoing document to the Clerk of the Court using the EFC System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William B. Federman
Jessica A. Wilkes
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
wbf@federmanlaw.com
jaw@federmanlaw.com
***Attorneys for Plaintiff***

                                                  ___*/s/ Colin H. Tucker*___
                                                  Colin H. Tucker