THIS MOTION   SET FOR HEARING
ON  March 21, 2024
AT 9:00 A.M.                    CANAVAN

Exhibit 9

# IN THE DISTRICT COURT IN AND FOR POTTAWATOMIE COUNTY
## STATE OF OKLAHOMA

KARLIE ANN COLLINS, individually and on
behalf of all others similarly situated,

               Plaintiff,

v.

THE OKLAHOMA BAPTIST UNIVERSITY,

               Defendant.

FILED
IN THE DISTRICT COURT

FEB 26 2024

POTTAWATOMIE COUNTY, OK
VALERIE N. UPTTEN, COURT CLERK
BY_____DEPUTY

Case No. CJ-2024-33
Judge John G. Canavan, Jr.

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT THE OKLAHOMA BAPTIST UNIVERSITY

Respectfully submitted,

**RHODES, HIERONYMUS, JONES,**
  **TUCKER & GABLE, P.L.L.C**
Malinda S. Matlock, OBA 14108
Colin H. Tucker, OBA 16325
Austin T. Jackson, OBA 33932
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; fax: (918) 592-3390

# Index

Summary …………………………………………………………. 1

Standard of Review…………………………………………….. 3

Argument and Authorities………………………………………... 4

    I.   Plaintiff Fails to Properly Plead the Elements of Negligence.. 4

    II.  The FTC Act Does Not Supply the Requisite Duty of Care 7
for a *Per Se* Negligence Claim as a Matter of Law………………

    III. Plaintiff Fails to State a Claim for Invasion of Privacy 9
Because Oklahoma Baptist Did Not Disclosure or Publicize Her
Information …………………………………………………...

    IV. Plaintiff Cannot State a Claim of Breach of Implied 11
Contract…………………………………………………….

    V.  Plaintiff Cannot State a Claim for "Breach of Confidence 12

    VI. Oklahoma Baptist does not owe Plaintiff a Fiduciary Duty… 13

    VII. Plaintiff Cannot State a Claim for Declaratory Judgment 14
and Resulting Injunctive Relief in this Court……………………

    VIII. All of Plaintiff's Claims Fail Because Plaintiff Has Not 16
Suffered Legally Cognizable Damages ………………………….

Conclusion ………………………………………………………. 17

# Cases

12 O.S. § 2009(B) .......................................................................... 12

28 U.S.C. § 2201 ............................................................................ 14

28 U.S.C. § 2202 ............................................................................ 14

28 U.S.C. § 451 .............................................................................. 14

*Anderson v. Blake*, No. CIV-05-0729-HE, 2005 WL 2716302, at \*5 (W.D. Okla. Oct. 21,
2005) ......................................................................................... 9

*Bank of Am. Corp. v. Gibbons*, 173 Md. App. 261, 271 (2007)............................... 11

*Brigance v. Velvet Dove Restaurant, Inc.*, 1986 OK 41, ¶ 7, 725 P.2d 300, 302 ........................... 4

*Chambliss v. Carefirst, Inc.*, 189 F. Supp. 3d 564, 572 (D. Md. 2016) .................................... 11

*Chartney v. City of Choctaw*, 2019 OK CIV APP 26, ¶ 11, 441 P.3d 173, 177 (Okla.Ct.App.
2019) ......................................................................................... 8

*Cities Service Co. v. Gulf Oil. Corp.,* 1999 OK 16, ¶ 5. 976 P.2d 545, 547 ............................... 3

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ....................................................... 3

*Conway v. Lone Star Transportation, LLC,* 2020 WL 609750, at \*3 (N.D. Okla. Feb. 7, 2020). 8

*Costa v. Allen*, 274 S.W.3d 461 (Mo.2008) .......................................................... 13

Declaratory Judgment Act, 28 U.S.C. § 2201 .................................................... 14

*Eddy v. Brown*, 1986 OK 3, ¶ 11, 715 P.2d 74, 78 ............................................... 10

*Estate of Doan v. First Nat'l Bank and Trust Co. of Tulsa.* 1986 OK 15, ¶ 7, n. 3 ...................... 3

*Ewing v. Ewing*, 1912 OK 566, 126 P. 811, 813 ................................................... 12

i

*F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998) ............................................ 16

*Fed. Trade Comm'n. v. Wyndham Worldwide Corp.*, 799 F.3d 236, 247 (3d Cir. 2015) ............. 8

*Gaines-Tabb v. ICI Explosives USA, Inc.*, 995 F. Supp. 1304, 1317 (W.D. Okla. 1996),
    *aff'd*, 160 F.3d 613 (10th Cir. 1998)............................................................................... 6

*Graves v. Johnson*, 2015 OK CIV APP 81, 359 P.3d 1151 ...................................................... 13

*Hadnot v. Shaw*, 1992 OK 21, 826 P.2d 978 .......................................................................... 10

*Hatton v. Combs*, 793 Fed. App'x 801, 805 (10th Cir. 2019) ................................................. 15

*Henry v. Merck and Co., Inc.*, 877 F.2d 1489, 1492 (10th Cir. 1989) ........................................ 4

*Horton v. Hamilton*, 2015 OK 6, ¶ 20, 345 P.3d 357, 364....................................................... 13

*Hunsucker v. Pallin*, 2017 OK 100, ¶ 3, n. 2, 408 P.3d 599. 616 (Wyrick, concurrence).......... 3

*In re Brinker Data Incident Litig.*, 2020 WL 691848, at *9 (M.D. Fla. Jan. 27, 2020) .............. 7

*In re Capital One Consumer Data Sec. Breach Litig.*, 488 F.Supp.3d 374, 408 (E.D. Va. 2020)... 7

*In re GE/CBPSData Breach Litigation*, 2021 WL 3406374, at *10 (S.D.N.Y. 2021)................ 7

*In re Sonic Corp. Customer Data Sec. Breach Litig. (Fin. Institutions)*, 2020 WL 3577341, at *6
    (N.D. Ohio July 1, 2020)........................................................................................................ 7

*In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 498 (1st Cir. 2009)............................... 8

*Irwin v. Jimmy John's Franchere, LLC*, 175 F. Supp. 3d 1064, 1071-72 (C.D. Ill. 2016)......... 12

*Joyce v. M & M Gas Co.*, 1983 OK 110, ¶ 7 ........................................................................... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560 n.1........................................................... 4

*McCormack v. Okla. Publishing Co.*, 1980 OK 98, 613 P.2d 737 ........................................... 10

*Nicholson v. Tacker*, 1973 OK 75, ¶ 11, 512 P.2d 156, 158..................................................... 5

*Orthman, et al v. Premier Pediatrics, PLLC*, CJ-2023-406 District Court of Cleveland County,
    Appellate Case No. 121,682 ................................................................................................. 1

*Osage Nation v. Bd. of Comm'rs of Osage County*, 2017 OK 34, ¶ 64, 394 P.3d 1224-1245 ....... 3

*Prince v. B.F. Ascher Co., Inc.*, 2004 OK CIV APP 39, ¶ 18, 90 P.3d 1020, 1027–28
    (Okla.Ct.App. 2004............................................................................................................... 4

*Raines v. Byrd*, 521 U.S. 811. 819, 117 S.Ct. 2312, 2317 (1997)............................................ 3

*Richards v. City of Lawton*, 1981 OK 62, ¶ 10, 629 P.2d 1260, 1263 ..................................... 16

*Simpson Props., Inc. v. Oexco, Inc.*, 1996 OK CIV APP 36, ¶ 7, 916 P.2d 853, 856................ 11

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016)................................................................ 3

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)............................... 15

*Toxic Waste Impact Group v. Leavitt*. 1994 OK 148, 90 P.2d 90.............................................. 3

*TransUnion v. Ramirez*, 141 S.Ct. 2190, 2210 (2021) ........................................................... 16

*TransUnion*, 141 S.Ct. at 2203 ................................................................................................. 4

## IN THE DISTRICT COURT IN AND FOR POTTAWATOMIE COUNTY
## STATE OF OKLAHOMA

KARLIE ANN COLLINS, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

THE OKLAHOMA BAPTIST UNIVERSITY,

                Defendant.

Case No. CJ-2024-33
Judge John G. Canavan, Jr.

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT
## THE OKLAHOMA BAPTIST UNIVERSITY

### SUMMARY

This case has been brought several times before in Oklahoma:  a company or institution is hacked in a data breach.[1] Those whose data was exposed are notified. In response, a putative class action lawsuit is filed on behalf of those notified. The lawsuit proposes a basketful of causes of action, including far-reaching injunctive relief taking many forms. All of those data breach cases have suffered the same fate:  dismissal for lack of standing and for failure to state a claim.[2]

---

[1] In fact, this case was brought in this Court previously as Timothy Wilson et al v. The Oklahoma Baptist University, CJ-2023-397 Canavan (dismissed by plaintiff while motion to dismiss was pending).

[2] One exception to this unanimity of decisional law exists:  the Oklahoma Court of Civil Appeals recently issued a decision allowing claims of negligence, breach of implied contract and breach of fiduciary duty—three of the seven causes of action asserted in this Petition—to survive dismissal for failure to state a claim. Orthman, et al v. Premier Pediatrics, PLLC, CJ-2023-406 District Court of Cleveland County, Appellate Case No. 121,682.

The claims here are the same:

- Negligence

- Negligence per se

- Invasion of privacy

- Breach of implied contract

- Breach of confidence

- Breach of fiduciary duty

- Declaratory judgment

Notably, nothing has been taken from Plaintiff. Just the opposite: Plaintiff was offered identity theft protection services that include "12 months of credit and CyberScan monitoring, a $1,000,000 insurance reimbursement policy, and fully managed identity theft recovery services"— through at least August 2024. *See* Petition at its Ex. 1. The injuries pled in the Petition are ones that have not occurred—instead, there's only a theoretical possibility that injury might occur at some point in the future, whether related to acts alleged in the Petition, or through some other connection of Plaintiff and her personally identifying information ("PII") that does not involve the Oklahoma Baptist data breach.

For the reasons set out in this motion and brief, Plaintiff's Petition should be dismissed.

2

### STANDARD OF REVIEW

Oklahoma courts are guided by federal standing jurisprudence because the language of the state and federal constitutions closely parallel one another. *Hunsucker v. Pallin*, 2017 OK 100, ¶ 3, n. 2, 408 P.3d 599. 616 (Wyrick, concurrence). The doctrine of standing was developed to ensure a litigant is the proper party to bring a matter before a court for adjudication. It asks if a specific litigant has a sufficient stake in the matter to invoke the judicial process. "We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811. 819, 117 S.Ct. 2312, 2317 (1997).

Standing is a jurisdictional issue. *Osage Nation v. Bd. of Comm'rs of Osage County,* 2017 OK 34, ¶ 64, 394 P.3d 1224-1245. An assessment of standing is not a decision on the merits. It is a determination whether a plaintiff is the proper party to seek adjudication of the asserted issue. *Cities Service Co. v. Gulf Oil. Corp.,* 1999 OK 16, ¶ 5. 976 P.2d 545, 547; *Toxic Waste Impact Group v. Leavitt.* 1994 OK 148, 90 P.2d 90. A challenge to standing may be raised or re-raised at any stage at any time during the judicial process by any party or *sua sponte* by the court. *Estate of Doan v. First Nat'l Bank and Trust Co. of Tulsa.* 1986 OK 15, ¶ 7, n. 3, 727 P.3d 574, 576 n. 3.

To have standing to sue, a plaintiff must have suffered an injury-in-fact that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016); *Clapper v. Amnesty*

*Int'l USA*, 568 U.S. 398, 416 (2013). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560 n.1). As for concreteness, "[a] concrete injury must be de facto; that is, it must actually exist." *Id.* (internal citations and quotation marks omitted). In other words, it must be "real, and not abstract." *Id.* (internal citations and quotation marks omitted). Because an injury-in-fact cannot be conjectural or hypothetical, mere "[a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409. "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion*, 141 S.Ct. at 2203.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff Fails to Properly Plead the Elements of Negligence.

"The elements of negligence are: '(1) the existence of a duty on part of defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom.'" *Prince v. B.F. Ascher Co., Inc.*, 2004 OK CIV APP 39, ¶ 18, 90 P.3d 1020, 1027–28 (Okla.Ct.App. 2004) (quoting *Brigance v. Velvet Dove Restaurant, Inc.*, 1986 OK 41, ¶ 7, 725 P.2d 300, 302). Plaintiff's Petition fails to meet all three of these elements.

"The existence of a duty is an essential element of a negligence claim; without it the claim must fail." *Henry v. Merck and Co., Inc.*, 877 F.2d 1489, 1492 (10th Cir. 1989) (citing Oklahoma law). "Just because the defendant has created a risk which harmed the plaintiff that does not mean that, in the absence of some duty to the

4

plaintiff, the defendant will be held liable." *Nicholson v. Tacker*, 1973 OK 75, ¶ 11, 512 P.2d 156, 158. Importantly, "[t]he general rule is that, absent special circumstances, no duty is imposed on a party to anticipate and prevent the intentional or criminal acts of a third party. Oklahoma follows that rule." *Henry*, 877 F.2d at 1492 (citing *Joyce v. M & M Gas Co.*, 1983 OK 110, ¶ 7)). "Oklahoma recognizes two types of special circumstances that create a duty to anticipate and prevent the illegal acts of a third party: 'where the actor is under a special responsibility toward the one who suffers the harm or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account.'" *Prince*, 90 P.3d at 1028 (quoting *Joyce*, ¶ 5, 672 P.2d at 1174).

Plaintiff does not allege actual identify theft or actual loss. Instead, Plaintiff and the Class Members will have to deal with the danger" that their PII may have been taken and may have been used. Petition at ¶ 10. Being "at risk" of incurring damages is alleged; actual damages are not alleged—including actual theft of Plaintiff's PII. *Id.*[3] In Oklahoma, an organization does not have duty to anticipate and prevent the intentional or criminal acts of a third party – including an unauthorized intrusion into

---

[3] Plaintiff alleges a long list of things "incurred and/or will continue to incur" with actual damages as something that may or may not have happened, mixed in among prospective damages: "damages in the form of, among other things, identity theft, attempted identity theft, lost time and expenses mitigating harms, increased risk of harm, damaged credit, deprivation of the value of their PII, loss of privacy, **and/or** additional damages." Petition at ¶ 10 (emphasis added).

its IT systems. *Henry*, 877 F.2d at 1492. Moreover, neither of the "special circumstances" that would give rise to a special duty of care exist in this case.

First, Plaintiff does not allege facts demonstrating that Oklahoma Baptist's "own affirmative act has created or exposed the [Plaintiff] to a recognizable high degree of risk of harm through such misconduct." *Joyce*, ¶ 5, 672 P.2d at 1174 (emphasis added). Rather, Plaintiff's claim – like negligence claims in a data breach context – relies entirely on alleged omissions (*i.e.*, failures to "take appropriate steps to protect the PII of Plaintiff and Class Members from being compromised"). Petition at ¶ 50. Plaintiff does not – and cannot – point to any affirmative act by Oklahoma Baptist that created a "high degree of risk of harm" stemming from a data breach. Second, Plaintiff does not allege facts demonstrating that Oklahoma Baptist is "under a special responsibility toward[s]" them. *Joyce*, 672 P.2d at 1174. "A special responsibility may arise from a relationship with the victim coupled with a foreseeability of the specific risk to the victim." *Henry v. Merck and Co., Inc.*, 877 F.2d 1489, 1492–93 (10th Cir. 1989). "[T]ypes of relationships which may give rise to one person's special responsibility to protect the other from third persons' intentional or criminal acts include those of a carrier and passenger, innkeeper and guest[,] employer and employee[,]" landlord and tenant, and commercial landlord and tenant's business invitee. *Gaines-Tabb v. ICI Explosives USA, Inc.,* 995 F. Supp. 1304, 1317 (W.D. Okla. 1996), *aff'd*, 160 F.3d 613 (10th Cir. 1998). Plaintiff does not allege the existence of a special relationship that has been recognized in law. A mere business-customer relationship does not create one as

6

a matter of Oklahoma law. Accordingly, Oklahoma Baptist did not owe Plaintiff a duty of care under Oklahoma law.

## II.    The FTC Act Does Not Supply the Requisite Duty of Care for a *Per Se* Negligence Claim as a Matter of Law.

Plaintiff's *per se* negligence claim fails because Oklahoma Baptist does not owe Plaintiff a duty of care under the FTC Act. Numerous courts have repeatedly rejected attempts to use federal statutes to create a duty of care in data breach cases where Congress declined to create a private right of action under those statutes. Moreover, Plaintiff's *per se* negligence claim also fails for the same reasons the negligence claim fails.

Courts have repeatedly rejected attempts by plaintiffs to rely on the FTC Act to support a *per se* negligence claim in a data breach case. *See In re GE/CBPS Data Breach Litigation*, 2021 WL 3406374, at *10 (S.D.N.Y. 2021) ("negligence per se claim is not viable . . . because [the FTC Act] does not provide a private right of action; instead, the FTCA confers exclusive enforcement authority on the Federal Trade Commission") (applying New York law*); In re Capital One Consumer Data Sec. Breach Litig.*, 488 F.Supp.3d 374, 408 (E.D. Va. 2020) (same; applying Virginia law); *In re Brinker Data Incident Litig.*, 2020 WL 691848, at *9 (M.D. Fla. Jan. 27, 2020) (same; applying Florida law); *In re Sonic Corp. Customer Data Sec. Breach Litig. (Fin. Institutions)*, 2020 WL 3577341, at *6 (N.D. Ohio July 1, 2020) (same; applying Oklahoma law).

The Northern District of Ohio's decision in *In re Sonic Corp. Customer Data Sec. Breach Litig. (Fin. Institutions)*, 2020 WL 3577341 is directly on point. In *In re Sonic*, the district court explained that "Oklahoma courts have held that to support a negligence per se claim the underlying statute must 'impose positive objective standards.'" *Id.* at *6 (quoting *Conway v. Lone Star Transportation, LLC*, 2020 WL 609750, at *3 (N.D. Okla. Feb. 7, 2020) (add'l citation omitted)). After review of Section 5 of the FTC Act (the same section relied on by Plaintiff, Petition ¶¶ 129-135), the *In re Sonic* court observed that [b]y its terms, the [FTC Act] only prohibits unfair competition or unfair or deceptive acts. While the FTC and other courts have interpreted Section 5's terms to apply to data security requirements, the statute's actual terms do not lay out positive, objective standards that, if violated, could give the standard for a negligence per se claim under Oklahoma law. *Id.* at * 6 (citing *Fed. Trade Comm'n. v. Wyndham Worldwide Corp.*, 799 F.3d 236, 247 (3d Cir. 2015); *In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 498 (1st Cir. 2009), as amended on reh'g in part (May 5, 2009); *Chartney v. City of Choctaw*, 2019 OK CIV APP 26, ¶ 11, 441 P.3d 173, 177 (Okla.Ct.App. 2019) (regulation that "vaguely require[d] operators to properly operate and maintain facilities" could not sustain negligence per se claim for the discharge of pollutants into U.S. waters); *Conway v. Lone Star Transportation*, 2020 WL 609750, at *3 (N.D. Okla. Feb. 7, 2020) (holding that driving "'in wilful or wanton disregard for the safety of persons or property' is not a positive objective standard.").

8

Accordingly, the FTC Act does not create a duty of care in Oklahoma as a matter of law. This federal statute cannot serve as the basis for a claim of negligence *per se* under Oklahoma state law.

Furthermore, for the same reasons that the negligence claim fails as set forth above, Plaintiff's *per se* negligence claim also fails because Plaintiff failed to allege specific deficiencies in Oklahoma Baptist's cybersecurity practices that deviated from its alleged obligations under the FTC Act and that the data breach incident was foreseeable because Oklahoma Baptist was on notice based on prior incidents, warnings of potential threats, or notices of a specific defect in its systems. For all the reasons above, this Court should dismiss the claim of negligence *per se* with prejudice.

## III. Plaintiff Fails to State a Claim for Invasion of Privacy Because Oklahoma Baptist Did Not Disclosure or Publicize Her Information.

Plaintiff asserts a claim for invasion of privacy and, specifically, for "unauthorized disclosure and/or acquisition (i.e., theft)" by a third party of private facts. Petition at ¶ 143. This claim fails as a matter of law because Plaintiff does not plausibly allege that Oklahoma Baptist disclosed private facts about her or that any such disclosure constituted the "publicity" required for such a claim.

To recover for invasion of privacy by publication of private facts, a plaintiff must demonstrate that the defendant made a publication that: (1) would be highly offensive to a reasonable person, (2) contained private facts about the plaintiff, (3) constituted a "public disclosure" of those private facts, and (4) was not of legitimate concern to others. *Anderson v. Blake*, No. CIV-05-0729-HE, 2005 WL 2716302, at *5 (W.D. Okla.

9

Oct. 21, 2005) (citing *Hadnot v. Shaw*, 1992 OK 21, 826 P.2d 978 and *McCormack v. Okla. Publishing Co.*, 1980 OK 98, 613 P.2d 737). In addition, the requirement of "publicity" or "publication" for purposes of this claim means that the defendant must have conveyed the private facts about the plaintiff "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge[.]" *Eddy v. Brown*, 1986 OK 3, ¶ 11, 715 P.2d 74, 78. In this case, the Complaint does not plausibly demonstrate such conduct by Oklahoma Baptist, nor does it even allege such conduct.

First, Oklahoma Baptist did not publicize Plaintiff's information at all. Rather, as Plaintiff alleges, cybercriminals broke into Oklahoma Baptist's computer network and accessed her information without Oklahoma Baptist's knowledge or involvement (i.e., "theft", as described in the Petition). Plaintiff may allege that Oklahoma Baptist was negligent or otherwise breached duties to safeguard her information from criminal actors, but there is no allegation that Oklahoma Baptist took any affirmative act to publicize Plaintiff's information or intentionally disclose it to cybercriminals.

Second, even if Oklahoma Baptist's alleged failure to safeguard Plaintiff's information from cybercriminals could be deemed the equivalent to the affirmative, intentional act of publication, there remain no allegations that such publication was made by Oklahoma Baptist "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge[.]" *Id.* To the contrary, the Petition alleges only that Plaintiff's PII was "exposed" and

that this constituted the "Data Breach" upon which this entire suit rests. Petition at ¶ 1. There are no allegations of her information being publicized anywhere to "the public at large" or to such a degree that it is "substantially certain to become one of public knowledge." This cause of action for invasion of privacy should be dismissed.

## IV. Plaintiff Cannot State a Claim of Breach of Implied Contract.

Under Oklahoma law, "[a]s distinguished from an express contract, which is proved by an actual agreement, an 'implied contract' arises from the implication that a party did make such an agreement as, under the circumstances disclosed, he ought in fairness to have made." *Simpson Props., Inc. v. Oexco, Inc.*, 1996 OK CIV APP 36, ¶ 7, 916 P.2d 853, 856 (internal citation and quotation marks omitted). Similarly, in Maryland, "[a]n implied contract is an agreement which legitimately can be inferred from intention of the parties as evidenced by the circumstances and the ordinary course of dealing and the common understanding of men." *Bank of Am. Corp. v. Gibbons*, 173 Md. App. 261, 271 (2007) (internal citation and quotation marks omitted).

Plaintiff describes the alleged contract as follows: "By requiring Plaintiff and the Class Members PII to enroll in and take classes at OBU, Defendant entered into an implied contract in which Defendant agreed to comply with its statutory and common law duties to protect Plaintiff and Class Members' PII." Petition at ¶ 138. That Plaintiff supplied Oklahoma Baptist with personal information was merely incident to the transaction of enrolling Plaintiff in the university. *See Chambliss v. Carefirst, Inc.*, 189 F. Supp. 3d 564, 572 (D. Md. 2016) ("[Plaintiffs] offer no factual allegations indicating

that the prices they paid for health insurance included a sum to be used for data security, and that both parties understood that the sum would be used for that purpose."); *Irwin v. Jimmy John's Franchere, LLC*, 175 F. Supp. 3d 1064, 1071-72 (C.D. Ill. 2016) ("Irwin paid for food products. She did not pay for a side order of data security and protection; it was merely incident to her food purchase[.]").

There was simply no meeting of the minds on the terms of any contractual relationship regarding data security. The claim of implied contract should be dismissed.

## V. Plaintiff Cannot State a Claim for "Breach of Confidence".

As alleged, this claim overlaps the claims of implied contract, invasion of privacy, and breach of fiduciary duty—namely, that Plaintiff confided her PII with Oklahoma Baptist and that the data was subsequently exposed or disclosed. No reported Oklahoma decision has addressed "breach of confidence" as a cause of action applicable to a data breach. One Oklahoma case does reference a breach of confidence being a cause of action when one places their trust in another, that injury results, and that an unconscientious advantage was taken (equating this to a claim of fraud). *Ewing v. Ewing*, 1912 OK 566, 126 P. 811, 813. Plaintiff has not attempted to plead this cause of action consistent with the heightened pleading standards applicable to fraud claims. *See* 12 O.S. § 2009(B) (fraud must be pled with particularity). Whether because it is an analogue of other causes of action subject of dismissal, or when read as a claim for fraud, the pleading of "breach of confidence" fails to state a claim.

12

**VI. Oklahoma Baptist does not owe Plaintiff a Fiduciary Duty.**

Plaintiff's breach of fiduciary duty claim fails because Plaintiff fails to allege facts sufficient to show (1) Oklahoma Baptist owed Plaintiff a fiduciary duty, and (2) protection of data would be within the scope of that fiduciary duty. First, under Oklahoma law, "[a] claim for breach of fiduciary duty arises in negligence, but raises the duty of care based upon a special relationship." *Horton v. Hamilton*, 2015 OK 6, ¶ 20, 345 P.3d 357, 364. "Such a relationship exists when one person acquires influence over another such that the influenced allows the influencer to substitute her or her will for the influenced's own." *Id.* at ¶ 21. Plaintiff does not allege facts demonstrating the existence of a "special relationship." Rather, Plaintiff relies on a conclusory allegation that a fiduciary relationship exists by virtue of her providing her information to Oklahoma Baptist and believing it would be protected. Petition at ¶¶ 147-152.

Even if Plaintiff's allegations were sufficient to demonstrate the existence of a fiduciary duty, security over Plaintiff's data is not within the scope of that fiduciary duty as a matter of law. The Oklahoma Court of Appeals addressed a similar question in *Graves v. Johnson*, 2015 OK CIV APP 81, 359 P.3d 1151. In *Graves*, a client and lawyer had a disagreement about fee for the lawyer's services. *Id.* at ¶¶ 2-4. The Court of Appeals held that the client's claim – that attorney was "enforcing a contract despite having orally agreed not to do so" – did "not implicate Lawyer's fiduciary duties" because "not all lawyer obligations are fiduciary duties." *Id.* at ¶¶ 20, 23 (quoting *Costa v. Allen*, 274 S.W.3d 461 (Mo.2008)). Like *Graves*, even if Oklahoma Baptist had an

obligation to secure Plaintiff's information at a certain standard (it does not), that obligation does not implicate Oklahoma Baptist's fiduciary duties as a university.

## VII. Plaintiff Cannot State a Claim for Declaratory Judgment and Resulting Injunctive Relief in this Court.

Plaintiff seeks declaratory judgment to compel Oklahoma Baptist to submit its computer systems to the ongoing jurisdiction of this Court, for them to be run as Plaintiff sees fit, all because Plaintiff is concerned that her PII may be hacked or otherwise exposed at some point in the future by some unknown actors using unknown means, all in service of an unknown purpose. This claim fails first of all because the Declaratory Judgment Act, 28 U.S.C. § 2201, applies to "any court of the United States", which is defined as the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior. *See* 28 U.S.C. § 451. That definition does not include the state district courts of Oklahoma.

When it is applicable, the Declaratory Judgment Act allows a court, in the case of an actual controversy, to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. The Tenth Circuit considers five factors in deciding whether declaratory relief is

appropriate: [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

"[T]here is no requirement that a district court consider" all of these factors, "and no single factor in the declaratory judgment calculus is determinative." *Hatton v. Combs*, 793 Fed. App'x 801, 805 (10th Cir. 2019). Here, the first two factors—"whether a declaratory action would settle the controversy" and "whether it would serve a useful purpose in clarifying the legal relations at issue"—are most applicable. Plaintiff asks the Court to declare that Oklahoma Baptist breached its duty to secure Plaintiff's PII, despite Plaintiff's admission that she does not know what measures and remedial measures Oklahoma Baptist has taken to secure data. Petition, ¶¶ 185-186. Further, Plaintiff asks the Court to rule that Defendant's existing security measures do not comply with its contractual obligations and duties as alleged elsewhere in the Petition, and to order various remedial measures under the ongoing oversight of this Court.

As previously noted, Plaintiff has suffered no harm from the data security incident, and there is no indication that her information was accessed by anyone. Moreover, ordering Oklahoma Baptist to implement certain security measures would

15

have no impact on the data security incident that already occurred and is the subject of this lawsuit. As the Supreme Court explained in *TransUnion*, a plaintiff may seek "forward-looking" injunctive relief to prevent a risk of harm that is "imminent and substantial." *TransUnion v. Ramirez*, 141 S.Ct. 2190, 2210 (2021). Nothing in the Petition indicates that any risk of harm from the data security incident is imminent and substantial, and there can be no "forward-looking" injunctive relief that could cure any of the alleged harms flowing from the incident alleged in the Petition.

Further still, the only evidence in this case is that Oklahoma Baptist already has implemented security measures designed to prevent future data security incidents: "We are enhancing our administrative and technical security protocols including network upgrades, multi-factor authentication, and data encryption." (Petition at its Ex. 1 (letter dated August 31, 2023)) The proposed injunctive relief thus would be redundant of measures already taken.

## VIII. All of Plaintiff's Claims Fail Because Plaintiff Has Not Suffered Legally Cognizable Damages.

Plaintiff's state law claims fail because she has not suffered actual damages. Actual damages are a necessary element to each claim asserted by Plaintiff. *Richards v. City of Lawton*, 1981 OK 62, ¶ 10, 629 P.2d 1260, 1263 (damages are an essential element to every common law negligence claim); *see also F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998) ("Damages are an essential element of a breach of fiduciary duty claim" (applying Oklahoma law)). The thread that runs throughout the Petition is that Plaintiff has suffered apprehension of future, speculative, indefinite and

uncertain harms. This is necessarily so, as there is no allegation that Plaintiff's PII was used, exploited, sold, or anything else.

The gravamen of the Petition is that Plaintiff's personally identifying information was "exposed" and that an award of money is necessary to compensate for simple exposure. Petition at ¶ 1.

## CONCLUSION

Plaintiff's Petition, seeking to recover on claims that don't exist under Oklahoma law and to redress injuries that have not occurred, should be dismissed.

Respectfully submitted,

**RHODES, HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C**

By: _____

Malinda S. Matlock, OBA 14108
mmatlock@rhodesokla.com
Colin H. Tucker, OBA 16325
chtucker@rhodesokla.com
Austin T. Jackson, OBA 33932
ajackson@rhodesokla.com
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
918/582-1173; fax 918/592-3390
*Attorneys for Defendant*
*Oklahoma Baptist University*

17

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 23rd day of February, 2024, a

true and correct copy of the foregoing was served by (X) U.S. Mail, postage thereon

fully prepaid (  ) Electronic Mail ( ) Overnight Delivery ( ) Certified Mail, Return

Receipt Requested    ( ) Hand-Delivery to the following:


William B. Federman
Jessica A. Wilkes
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
*Attorneys for Plaintiff*

_____
Colin H. Tucker

18