UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARLIE ANN COLLINS, individually and on behalf of all others similarly situated, </br></br>    Plaintiff, </br></br> v. </br></br> THE OKLAHOMA BAPTIST UNIVERSITY, </br></br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. CIV-24-234-G |

## ORDER

Plaintiff Karlie Ann Collins, individually and on behalf of all others similarly situated, initially filed this action against Defendant The Oklahoma Baptist University in the District Court of Pottawatomie County, bringing claims arising from a 2023 data breach. *See* Class Action Pet. (Doc. No. 1-2). Defendant removed the case to this Court and has moved to dismiss, *see* Doc. Nos. 1-9, 14.

Now before the Court is Plaintiff's Motion for Jurisdictional Discovery (Doc. No. 11). Defendant has responded in opposition (Doc. No. 12), and Plaintiff has replied (Doc. No. 13).

The Tenth Circuit has instructed that a district court should permit jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006). "The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—

is on the party seeking the discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (alterations, omission, and internal quotation marks omitted).

Defendant's removal to federal court was premised upon the applicability of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal at 3. "Under CAFA, a federal district court has subject matter jurisdiction over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member)." *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (internal quotation marks omitted). Plaintiff argues that removal was improper because the "home state exception" to CAFA jurisdiction applies. *Id.*; *see* 28 U.S.C. § 1332(d)(4)(B). This exception prescribes that the federal court "shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). "[T]he home state exception requires remand if the plaintiffs can meet all of the statutory requirements." *Dutcher*, 840 F.3d at 1193.

Having considered the parties' arguments, the Court concludes that Plaintiff has shown an entitlement to the requested discovery. Plaintiff has sufficiently identified controverted "pertinent jurisdictional facts" regarding the citizenship of the proposed plaintiff class. *Health Grades*, 190 F. App'x at 589. Plaintiff wishes to serve specific and limited discovery—e.g., a request for Defendant's "mailing address for all individuals that were impacted by the data breach"—in order to determine whether "more than 2/3 of the individuals impacted" by the data breach used an Oklahoma address. Pl.'s Mot. at 4.

2

Although Defendant objects to such discovery on the basis that "a mailing address is not a guarantee of residence, and residence is not a guarantee of citizenship," Plaintiff has adequately established that such "addresses can serve as evidence of residence, and residence in turn as evidence of domicile." *Adams v. W. Marine Prods., Inc.* No. 19-cv-01037, 2019 WL 4942054, at *1 (N.D. Cal. Oct. 7, 2019).  Plaintiff's requested discovery is reasonably likely to assist the Court is determining whether, assuming jurisdiction otherwise lies, "it should abstain from exercising that jurisdiction pursuant to a CAFA exception." *Potts v. Westside Chrysler Jeep Dodge, LLC*, No. CIV-21-502-D, 2021 WL 4129626, at *3 (W.D. Okla. Sept. 9, 2021) (citing cases).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Jurisdictional Discovery (Doc. No. 11) is GRANTED.

The parties may engage in jurisdictional discovery limited to the potential applicability of the 28 U.S.C. § 1332(d)(4)(B) home state exception to this action.  All discovery on this issue shall be completed within sixty (60) days of the date of this Order. Plaintiff may submit a supplemental brief or motion within 14 days after discovery is concluded.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. No. 1-9) is STAYED and HELD IN ABEYANCE pending conclusion of the parties' jurisdictional discovery and further order of the Court.

IT IS SO ORDERED this 5th day of March, 2025.

                                                  CHARLES B. GOODWIN
                                                  United States District Judge